JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
The Accent Group

**DEFENDANTS**
National Indemnity Company

(b) County of Residence of First Listed Plaintiff: Essex, NJ

County of Residence of First Listed Defendant: Douglas, NE

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

David M. Paris, Esq. (Piro Zinna Cifelli & Genitempo, P.C.)
360 Passaic Ave.
Nutley, NJ 07110
973-661-0710

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Richard L. McMonigle, Jr. (Post & Schell, P.C.), Four Penn Center, 1600 JFK Blvd, Philadelphia, PA 19103 (215)587-1000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332 - diversity jurisdiction

Brief description of cause:
Insurance coverage and breach of contract dispute

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE: 

DOCKET NUMBER: 

Explanation:

DATE: 6/30/2011

SIGNATURE OF ATTORNEY OF RECORD: Richard L. McMonigle Jr.

06/30/2011

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ACCENT GROUP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATIONAL INDEMNITY COMPANY, doing ) <br> business as NATIONAL FIRE AND MARINE ) <br> INSURANCE COMPANY, A MEMBER OF ) <br> THE BERKSHIRE HATHAWAY GROUP, ) <br> ) <br> Defendants. ) | CIVIL ACTION <br><br> NO. _____ |

## DEFENDANT NATIONAL INDEMNITY COMPANY'S NOTICE OF REMOVAL

Defendant National Indemnity Company ("National"), improperly designated as "National Indemnity Company, doing business as National Fire and Marine Insurance Company, a Member of the Berkshire Hathaway Group," by and through its attorneys, Post & Schell, P.C., hereby removes the above-captioned action, which is presently in the Superior Court of New Jersey – Law Division, Essex County (Docket No. ESX-L-4318-11), to this Court pursuant to 28 U.S.C. § 1441 *et seq.* In support thereof, National avers as follows:

### The Parties and Background

1. This alleged insurance coverage breach of contract action arises from a dispute between Plaintiff, The Accent Group ("Plaintiff"), and defendant National, improperly designated in the Complaint as "National Indemnity Company, doing business as National Fire and Marine Insurance Company, a Member of the Berkshire Hathaway Group," concerning the availability of insurance coverage under a policy of insurance issued by National to its insured,

A. Perin Roofing & Siding, Inc. ("Perin"). A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

2. On or about May 31, 2011, Plaintiff's Complaint, which was filed in the Superior Court of New Jersey – Law Division, Essex County, was served upon the Commissioner of the New Jersey Department of Banking and Insurance; the Commissioner accepted service on behalf of National. A true and correct copy of a May 31, 2011 letter from the Commissioner's office to National is attached hereto as Exhibit "B."

3. Plaintiff is a citizen of New Jersey, being a corporation organized under the laws of New Jersey and having its principal place of business at 104 East Centre Street, Nutley Township, Essex County, New Jersey. *See* Exhibit "A," at p. 1.

4. Defendant National is a citizen of Nebraska, being a corporation organized under the laws of Nebraska, and having its principal place of business at 3024 Harney Avenue, Omaha, Nebraska 68131.

5. Plaintiff alleges in its Complaint that it was an additional insured under the policy of insurance issued to Perin (the "Policy"), and that National allegedly breached the terms of the Policy by not providing coverage and indemnity to Plaintiff with respect to a suit filed against it by the West Essex Highlands Condominium Association (the "Association") in the Superior Court of New Jersey – Law Division, Essex County (No., ESX-L-10272-07). *Id.* at ¶¶ 4-7.

6. Plaintiff alleges that it has suffered damages including legal fees incurred to defend the claims of the Association. *Id.* at ¶ 8.

7. Plaintiff demands judgment declaring that National is obligated to defend and indemnify Plaintiff with respect to the Association's lawsuit; reimbursing Plaintiff for counsel

fees already incurred; and ordering National to satisfy any judgment against Plaintiff in the Association's lawsuit. *Id* at p. 3, ¶¶ A-C.

8. National now timely files for removal of the instant matter to this Court.

### Basis for Removal to Federal Court

9. A defendant may remove a civil action that was filed in a state court to the federal court for the district in which the state court action is pending, provided the federal court would have original jurisdiction to address the matter. *See* 28 U.S.C. §§ 1441(a); 1446(a).

10. The defendant's right to remove is to be determined according to the plaintiff's pleading at the time of the notice of removal. *See Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999).

11. This Court's original jurisdiction is based upon diversity of citizenship under 28 U.S.C. § 1332, insofar as all parties are of diverse citizenship at all times material hereto, and the Plaintiff's claimed damages are in excess of $75,000, as established below.

12. As noted above, Plaintiff is a citizen of New Jersey, and National is a citizen of Nebraska. Thus, the requisite diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332.

13. Generally, the amount in controversy is evaluated by looking to the demand for relief in the complaint. *See, e.g., Samuel-Basset v. Kia Motors America, Inc.*, 357 F.3d 392, 398-99 (3d Cir. 2004).

14. Although the sum claimed in the complaint "controls if the claim is apparently made in good faith," jurisdiction will be appropriate under § 1332 unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount [of $75,000]." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).

15. With regard to claims for damages that are not specific as to the amount, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *See Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

16. Plaintiff's Complaint alleges an entitlement to damages in the form of attorneys' fees, indemnification, and coverage with respect to the Association's lawsuit.

17. Although the Complaint does not specify an amount, the applicable limits on the Policy are $2,000,000. A copy of the Declarations Page of the National policy, Number 70LPE683672, is attached hereto as Exhibit "C."

18. Thus, the value of the rights being litigated is $2,000,000, and the instant action therefore satisfies the amount in controversy requirement pursuant to 28 U.S.C. § 1332, insofar as the amount in controversy is in excess of $75,000. *See, e.g., Gisele Grocery & Deli v. Hanover Ins. Grp.*, 2010 U.S. Dist. LEXIS 41033, at **2-4 (D.N.J. April 27, 2010) (holding that in suit seeking declaration of coverage and alleging breach of contract without specifying amount of requested damages, amount in controversy is satisfied where the amount of coverage under the policy exceeds $75,000).

19. The United States District Court for the District of New Jersey is the District Court that has jurisdiction in this matter, as the instant civil matter was originally filed in the Superior Court of New Jersey – Law Division, Essex County.

20. National has timely filed for removal of the instant matter to this Court, as it has filed this Notice of Removal within thirty (30) days of the date on which the Commissioner was served with Plaintiff's Complaint. 28 U.S.C. § 1446(b).

21.     National has also filed copies of this Notice of Removal, and related papers, with the Clerk of Court for the Superior Court of New Jersey – Law Division, Essex County, in order to effect the removal of this action pursuant to 28 U.S.C. § 1446(d).

22.     Simultaneous with the filing of this Notice of Removal, National has given written Notice of Removal to counsel for Plaintiff.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1441 and 1446, and for the reasons stated in the attached Memorandum of Law, which is incorporated herein by reference, National respectfully requests that the above-captioned matter, now pending in the Superior Court of New Jersey – Law Division, Essex County, be removed to the United States District Court for the District of New Jersey.

                                POST & SCHELL, P.C.

                        By:     /s/ Richard L. McMonigle, Jr.
                                _____
                                **Richard L. McMonigle, Jr., Esq.**
                                **Bryan M. Shay, Esq.**
                                Four Penn Center
                                1600 John F Kennedy Blvd.
                                Philadelphia, PA  19103
                                215-587-1000
                                *Attorneys for Defendant NATIONAL INDEMNITY COMPANY*

**Dated: June 30, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ACCENT GROUP,<br><br>               Plaintiff,<br><br>    v.<br><br>NATIONAL INDEMNITY COMPANY, doing business as NATIONAL FIRE AND MARINE INSURANCE COMPANY, A MEMBER OF THE BERKSHIRE HATHAWAY GROUP,<br><br>               Defendants. | CIVIL ACTION<br><br>NO. _____ |

## DEFENDANT NATIONAL INDEMNITY COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE OF REMOVAL

Defendant National Indemnity Company ("National"), improperly designated as "National Indemnity Company, doing business as National Fire and Marine Insurance Company, a Member of the Berkshire Hathaway Group," by and through its attorneys, Post & Schell, P.C., hereby respectfully submits this Memorandum of Law in support of its notice of the removal of the above-captioned action, which is presently in the Superior Court of New Jersey – Law Division, Essex County (Docket No. ESX-L-4318-11), to this Court pursuant to 28 U.S.C. § 1441 *et seq.* For the reasons set forth herein, as well as those set forth in National's Notice of Removal, which is incorporated herein by reference, National respectfully requests that this matter be removed to the United States District Court for the District of New Jersey.

I.    **BACKGROUND**

This breach of contract action arises from a dispute between Plaintiff, The Accent Group ("Plaintiff"), and defendant National, improperly designated in the Complaint as "National

Indemnity Company, doing business as National Fire and Marine Insurance Company, a Member of the Berkshire Hathaway Group," concerning the availability of insurance coverage under a policy of insurance issued by National to A. Perin Roofing & Siding, Inc. ("Perin").[1] On or about May 31, 2011, Plaintiff's Complaint, which was filed in the Superior Court of New Jersey – Law Division, Essex County, was served upon the Commissioner of the New Jersey Department of Banking and Insurance. The Commissioner accepted service on behalf of National.[2]

In its Complaint, Plaintiff alleges that it was an additional insured under a contract of insurance, Policy Number 70LPE683672 (the "Policy"), issued by National to its insured, Perin. *See* Complaint at ¶ 4. Plaintiff alleges that it was sued by the West Essex Highlands Condominium Association (the "Association") in the Superior Court of New Jersey – Law Division, Essex County (Docket No. ESX-L-10272-07), and it thereafter sought coverage and indemnity from National, pursuant to the terms of the Policy, for the claims made by the Association. *Id.* at ¶ 5. Plaintiff alleges that National denied coverage and indemnity to Plaintiff, and claims that this denial of coverage and indemnity is a breach of the terms of the Policy. *Id.* at ¶¶ 6-7. Plaintiff alleges that it has suffered damages, which include legal fees incurred to defend the claims of the Association. *Id.* at ¶ 8.

In this action, Plaintiff demands judgment declaring that National is obligated to defend and indemnify Plaintiff with respect to the Association's lawsuit; reimbursing Plaintiff for

---

[1] A true and correct copy of Plaintiff's Complaint is attached to National's Notice of Removal as Exhibit "A."

[2] A true and correct copy of a May 31, 2011 letter from the Commissioner's office to National is attached to National's Notice of Removal as Exhibit "B."

counsel fees already incurred; and ordering National to satisfy any judgment against Plaintiff in the Association's lawsuit. *Id* at p. 3, ¶¶ A-C.

## II. LEGAL ARGUMENT

### A. Standard for Removal

A defendant may remove a civil action that was filed in a state court to the federal court for the district in which the state court action is pending, provided the federal court would have original jurisdiction to address the matter. *See* 28 U.S.C. §§ 1441(a); 1446(a). The defendant's right to remove is to be determined according to the plaintiff's pleading at the time of the notice of removal. *See Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). The burden of establishing the federal court's jurisdiction rests with the defendant. *Id.* at 222.

The federal courts have original jurisdiction under 28 U.S.C. § 1332 where a civil action involves parties of diverse citizenship and the plaintiff's claimed damages are in excess of $75,000. *See* 28 U.S.C. § 1332. In the instant matter, both the diversity of citizenship and amount in controversy requirements have been met; accordingly, federal jurisdiction over this matter exists.

### B. The Diversity of Citizenship Requirement Has Been Met

Plaintiff is a citizen of New Jersey, being a corporation organized under the laws of New Jersey and having its principal place of business at 104 East Centre Street, Nutley Township, Essex County, New Jersey. *See* Complaint at 1. Defendant National Indemnity Company is a citizen of Nebraska, being a corporation organized under the laws of Nebraska, and having its principal place of business at 3024 Harney Avenue, Omaha, Nebraska 68131.

Because Plaintiff is a citizen of New Jersey, and National is a citizen of Nebraska, the requisite diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332.

C.  **The Amount in Controversy Exceeds $75,000**

Generally, the amount in controversy is evaluated by looking to the demand for relief in the complaint. *See, e.g., Samuel-Basset v. Kia Motors America, Inc.*, 357 F.3d 392, 398-99 (3d Cir. 2004); *see also Meritcare*, 166 F.3d at 217. Although the sum claimed in the complaint "controls if the claim is apparently made in good faith," jurisdiction will be appropriate under § 1332 unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount [of $75,000]." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). Thus, where the plaintiff does not specifically aver in his complaint that the amount in controversy is less than the jurisdictional minimum, removal should be permitted unless it appears to a legal certainty that the plaintiff cannot recover the jurisdictional minimum. *See Kia Motors*, 357 F.3d at 397-98; *see also St. Paul Mercury*, 303 U.S. at 288-89.

Moreover, with regard to claims for damages that are not specific as to the amount, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *See Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). The Third Circuit has recognized that "indeterminacy of the amount to be recovered is . . . not sufficient to defeat diversity jurisdiction"; thus, an inability to put a precise value on the amount recoverable under the Policy does not prevent this Court from exercising jurisdiction. *See, e.g., Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995).

Plaintiff's Complaint alleges an entitlement to damages in the form of attorneys' fees, indemnification, and coverage with respect to the Association's lawsuit. Although the Complaint does not specify an amount, nor state that the amount in controversy is less than the jurisdictional amount, the applicable limits under the Policy are $2,000,000.[3] Thus, the value of

---

[3] A copy of the Declarations Page of the National policy, Number 70LPE683672, is attached to National's Notice of Removal as Exhibit "C."

4

the rights being litigated—specifically, the right to coverage and indemnity under the Policy for the claims against Plaintiff—is $2,000,000. *See Angus*, 989 F.2d at 146; *see also Gisele Grocery & Deli v. Hanover Ins. Grp.*, 2010 U.S. Dist. LEXIS 41033, at **2-4 (D.N.J. April 27, 2010) (holding that in suit seeking declaration of coverage and alleging breach of contract without specifying amount of requested damages, amount in controversy is satisfied where the amount of coverage under the policy exceeds $75,000); *see also U.S. Olympic Comm. v. U.S. Rowing Ass'n*, 2010 U.S. Dist. LEXIS 52480, at *30 (D.N.J. May 28, 2010) ("Courts, in those cases [involving parties seeking a declaratory judgment interpreting an insurance contract], have held that courts may consider the value of the entire contract in ascertaining the amount in controversy.")

Accordingly, the instant action satisfies the amount in controversy requirement pursuant to 28 U.S.C. § 1332, insofar as the amount in controversy is in excess of $75,000.

    **D.**    **Removal to this District is Appropriate and Timely**

The United States District Court for the District of New Jersey is the District Court that has jurisdiction in this matter, as the instant civil matter was originally filed in the Superior Court of New Jersey – Law Division, Essex County. Moreover, National has timely filed for removal of the instant matter to this Court, as it has filed this Notice of Removal within thirty (30) days of the date on which the Commissioner was served with the Plaintiff's Complaint. 28 U.S.C. § 1446(b).

**III.**    <u>**CONCLUSION**</u>

The instant case is removable pursuant to 28 U.S.C. §§ 1441 and 1446, as the parties are of diverse citizenship and the amount in controversy exceeds $75,000. Accordingly, for the reasons stated herein, as well as those stated in National's Notice of Removal, National respectfully requests that the above-captioned matter, now pending in the Superior Court of New

Jersey – Law Division, Essex County, be removed to the United States District Court for the District of New Jersey.

POST & SCHELL, P.C.

By: _____
Richard L. McMonigle, Jr., Esq.
Bryan M. Shay, Esq.
Four Penn Center
1600 John F Kennedy Blvd.
Philadelphia, PA  19103
215-587-1000
*Attorneys for Defendant NATIONAL INDEMNITY COMPANY*

Dated: June 30, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, a true and correct copy of the attached Defendant National Indemnity Company's Notice of Removal, along with a supporting Memorandum of Law, was electronically filed with the Court's ECF system. A copy of the Notice was served on the persons listed below via the Court's ECF system and by U.S. Mail, postage prepaid:

David M. Paris, Esquire
PIRO ZINNA CIFELLI PARIS & GENITEMPO, P.C.
360 Passaic Ave.
Nutley, NJ 07110
*Attorney for Plaintiffs*

POST & SCHELL, P.C.

BY: _____
RICHARD L. MCMONIGLE, ESQ.
*Attorneys for Defendant National Indemnity Company*

Date: **June 30, 2011**